IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                            No. 10-40009-03-SAC

LORENZO BENTON,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objection to the relevant conduct calculation in the presentence report ("PSR"). The defendant pleaded guilty to count one of the indictment that charged him with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The PSR recommends a base offense level of 28 calculated from the marijuana seized in the traffic stop on May 24, 2009, and from the cash seized in the traffic stop on October 16, 2009, and converted to marijuana. After a three-level acceptance of responsibility reduction, the defendant's total offense level is 25 with a criminal history category of two for an advisory guideline sentencing range of 63 to 78 months. Count one carries a mandatory

1

minimum sentence of 60 months.  The addendum to the PSR sets forth the defendant's unresolved objection that the court will rule upon in this order.

The defendant objects that the PSR erroneously includes the marijuana equivalence for the cash seized from a vehicle occupied by him and co-conspirator Frank Lewis during a traffic stop on October 16, 2009. Generally, cash can be converted to drug quantities and attributed to the defendant as relevant conduct if "the court finds by a preponderance that the cash is attributable to drug sales which were part of the same course of conduct . . . as the conviction count."  *United States v. Rios*, 22 F.3d 1024, 1027 (10th Cir. 1994).  The defendant does not dispute any of the facts stated in the PSR but challenges only whether they are sufficient to establish that the cash seized on October 16, 2009, is relevant conduct.

The defendant argues that the evidence does not link the cash to the conspiracy.  The PSR sets forth that on October 16, 2009, the defendant Benton and his co-conspirator, Frank Lewis, were stopped in Missouri along Interstate 70 and found with $269,580 secreted in the side doors of a Chevrolet Tahoe that had been rented by his co-conspirator Andrew Rutherford on October 15, 2009.  The PSR recounts that there are records linking Benton's travel and activities with drug trafficking activities

since 2008.  More importantly, as part of his plea agreement, the defendant agreed to the following as part of the facts constituting the offense to which he was pleading guilty:

> The admissions of HUTCHINSON and BELL combined with the information developed by the DEA through its follow-up investigation of travel, financial, vehicle, and telephone records, and the later actions of RUTHERFORD, LEWIS, AND BENTON in August and **October of 2009** demonstrate that RUTHERFORD, LEWIS, BENTON, PEARL, and others known and unknown, were associated and acting pursuant to an agreement to possess, transport, and distribute marijuana that was ongoing prior to, and continued subsequent to HUTCHINSON's and BELL's voluntarily involvement during approximately the first three months of 2009.

(Dk. 111, p. 15).  Thus, as part of his plea, the defendant admitted the actions in October of 2009, *i.e.*, the traffic stop and discovery of cash, is evidence demonstrating the conspiratorial agreement.  Thus, a preponderance of evidence establishes that a conspiracy to distribute marijuana existed between Rutherford, Lewis and Benton continuing through October of 2009 and that the transportation of the money seized in October was pursuant to the same conspiracy as evidenced by its similarity to the conspiracy's pattern of prior trips between Arizona and Detroit, by Lewis and Benton operating the vehicle containing such a large amount of cash, and by Rutherford financing and securing the transportation by renting the vehicle the day before the stop and seizure.  The defendant's

3

objection on this ground is overruled.

The defendant alternatively argues that the amount of cash seized in October would match the payment for the weight of marijuana seized in May. The court is unsure where the defendant intends to go with this speculation over the connection between the cash and the seized marijuana. This is plainly not an instance where an estimate of drug trafficking activities may duplicate or already include the seized physical evidence. In this instance, the drugs were seized before they could be sold, so the cash represents proceeds from a source other than the sale of those drugs. As admitted in his factual basis, the defendant disclaimed during the traffic stop "any interest in these apparent narcotics proceeds." (Dk. 111, p. 14). The court will not sustain the defendant's objection on the "mere" conjecture that the cash could have been the conspiracy's intended payment for the seized marijuana. The circumstances of the seizure, in particular its timing and location, make it more likely that the cash was drug proceeds not directly linked to the marijuana seized five months earlier. The court overrules the defendant's objection to the PSR's calculation of relevant conduct.

IT IS THEREFORE ORDERED that the defendant's unresolved

objection in the PSR's addendum is overruled.

Dated this 25th day of October of 2010, Topeka, Kansas.

                                        s/ Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge